# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DENNARD WILSON** | : | **DOCKET NO. 2:05-cv-2009**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **J. P. YOUNG, WARDEN, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Dennard Wilson, pursuant to 28 U.S.C. §2241. By this petition, Petitioner challenges the computation of his sentence and the Bureau of Prison's denial of his request for a *"nunc pro tunc"* designation of the state correctional facility for the service of the first portion of his federal sentence. This matter has been referred to the undersigned Magistrate Judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## FACTS

Petitioner was arrested in Baton Rouge, Louisiana on December 11, 1998 for Possession of Marijuana with Intent to Distribute. He was released on bond. *See* Petitioner's Exhibit B; Government Exhibit A. Petitioner was arrested in Plano, Texas on November 18, 1999 for Possession of a Controlled Substance with Intent to Deliver and Possession of Marijuana, More than Four Ounces in a Drug Free Zone. He was released on bond the following day. *Id.* The Texas charges were ultimately dismissed in lieu of Federal prosecution. *Id.* Petitioner was arrested by federal law enforcement officers on February 9, 2000, and on February 17, 2000, he was released on bond.

Petitioner surrendered to the State of Louisiana on November 8, 2000 due to the cancellation of his bond. On February 5, 2001, petitioner was transferred to the custody of the United States Marshal Service on the basis of a writ of *habeas corpus ad prosequendum. Id.*. Petitioner pled guilty to Conspiracy to Possess with Intent to Distribute and Distribution of Marijuana and Crack Cocaine in the United States District Court for the Northern District of Texas, and on February 15, 2001 he was sentenced to term of imprisonment for 122 months. *See Id.;* Petition, ¶ 3(c), (e), (f).

Following his federal sentencing, petitioner was returned to the primary custody of the State of Louisiana. On September 13, 2001, petitioner was sentenced in a Louisianan state court to a term of 8 years imprisonment for his State offenses and committed to the Louisiana Department of Corrections. *See* Petitioner Exhibit B; Government Exhibit A. Petitioner received credit on his State sentence for all of the time spent in custody since his surrender on November 8, 2000 until his parole from State custody on December 3, 2004. *See* Government Exhibit A, p.14. On December 3, 2004, he was released from State custody to federal authorities to begin serving his federal sentence. *See* Petitioner's Exhibit B.

On April 27, 2005, the petitioner began filing administrative requests to receive a *nunc pro tunc* designation so that the time served in the state correctional facility could be credited towards his federal sentence. Warden Young denied his request on May 8, 2005, explaining that because the federal judgment and commitment were silent as to whether the federal sentence should run concurrent with any state court sentence which might be imposed, the federal sentence is considered to run consecutively with the state sentence. The warden further explained that the Bureau of Prisons delegates its authority to make a *nunc pro tunc* designation to the Regional Directors. *See* Petitioner's Exhibit A.

On June 1, 2005, the petitioner requested a *nunc pro tunc* designation from the Regional

Director. *See* Petitioner's Exhibit B. Prior to responding to the petitioner's request, the Regional Director sent correspondence to the sentencing judge, requesting clarification regarding whether the judge intended for the petitioner to serve his federal sentence concurrently or consecutively with the state court sentence. *See* Government Exhibit A, pp.15-16. Judge Maloney, the sentencing judge, did not respond. *See* Government Exhibit A, ¶ 9. The Regional Director denied petitioner's request for *nunc pro tunc* designation on July 28, 2005, finding that a concurrent designation was not consistent with the goals of the criminal justice system. *See* Petitioner Exhibit B.

Petitioner appealed the Regional Director's denial to the National Inmate Appeals Administrator on August 24, 2005. *See* Petitioner's Exhibit C. The denial of the *nunc pro tunc* designation was affirmed by the Administrator on September 16, 2005. *Id.*

Following the exhaustion of all available administrative remedies, Petitioner filed this petition seeking to have the federal court review his sentence computation and award him credit for time served in state custody. The respondent has answered the petition and has moved for the denial of this petition on the grounds that the petitioner's sentence is properly computed.

## **LAW AND ANALYSIS**

### **I. Sentence Computation**

It is the function of the United States Attorney General to compute jail time credit in accordance with 18 U.S.C. §3585(b)[1]. It is after the prisoner begins serving his federal sentence that the Attorney General is to compute the jail time credit. *United States v. Wilson,* 112 S.Ct. 1351, 1354 (1992). Credit is given toward a prisoner's term of imprisonment for any time spent in official

---

[1] (b) CREDIT FOR PRIOR CUSTODY-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

detention prior to the commencement of his sentence "that has not been credited against another sentence." A prisoner has the right to have the Attorney General's determination reviewed by a court after exhausting his administrative remedies. *Wilson,* 112 S.Ct. at 1355.

A federal sentence does not commence until the Attorney General receives the prisoner into "custody" for service of the sentence. 18 U.S.C. §3585(a). Such custody is not obtained merely by the production of the prisoner in federal court pursuant to a writ of *habeas corpus ad prosequendum.* *United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998). The state authorities must first relinquish its custody over the prisoner in order for a transfer of custody to take place. *Id.* Additionally, the federal sentence of a prisoner in state custody may commence "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." *Id.*; *see also Barden v. Keohane,* 921 F.2d 476, 481-82 (3d Cir. 1990); 18 U.S.C. §3621(b).

When Petitioner was originally taken into custody on November 8, 2000, he was clearly in state custody. When he was presented in federal court pursuant to a writ of *habeas corpus ad prosequendum,* the nature of his custody did not change from state to federal. *See Evans,* 159 F.3d at 911 (writ of *habeas corpus ad prosequendum* does not effect transfer of custody). The State of Louisiana remained the primary custodian of petitioner.

"A writ of *habeas corpus ad prosequendum* [merely] enables a state [includes any jurisdiction, federal or state] to take temporary custody of a prisoner confined within another jurisdiction, and indict, prosecute and sentence such prisoner." *Flick v. Blevins*, 887 F.2d. 778, 781 (7th Cir. 1989). When a prisoner is transferred pursuant to a writ of *habeas corpus ad prosequendum*, the sending state retains jurisdiction over the accused, and a return to the sending state is normally required. Until the prisoner is returned to the sending state, the other jurisdiction is unable and not entitled to enforce its sentence. *Flick v. Blevins*, 887 F.2d. at 782; *Crawford v.*

4

*Jackson,* 589 F.2d. 693, 695-96 (D.C. Cir. 1978).

This court finds that the petitioner's federal sentence did not commence until he was released from state custody on December 3, 2004. As discussed above, the transfer pursuant to the writ of *habeas corpus ad prosequendum* did not affect petitioner's custody status. Nothing in the record indicates that the State of Louisiana relinquished custody of petitioner until December 3, 2004 when he was paroled. Further, the BOP did not designate the state facility for the service of petitioner's federal sentence.

The affidavit filed by Christopher Thomas, Assistant Inmate Systems Manager at the Federal Correctional Institution in Oakdale, Louisiana reflects that petitioner was taken into federal custody on December 3, 2004. *See* Government Exhibit A. Any credit due to petitioner on his federal sentence would have been computed upon the commencement of his federal sentence. *See Wilson, supra.* At the time the petitioner began serving his federal sentence on April 4, 1997, he had already received full credit on his state sentence for all time spent in custody between November 8, 2000 and December 3, 2004. *See* Government Exhibits A, p.14. Therefore, he is not entitled to an additional credit against his federal sentence as the Attorney General must only give credit for time spent in official custody when such time "has not been credited to another sentence." *Wilson,* 112 S.Ct. at 1355-56; *see also United States v. Brown,* 753 F.2d 455, 456 (5th Cir. 1985)(no credit due to time spent in federal custody pursuant to a writ of *habeas corpus ad prosequendum* when state custody was uninterrupted).

**II.** *Nunc Pro Tunc* **Designation**

The BOP has the statutory authority to designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b). Pursuant to this authority, it is within the discretion of the BOP to grant a federal inmate's request for *nunc pro tunc* designation of a state correctional facility where the inmate is

incarcerated as the place of confinement for service of his federal sentence. *See McCarthy v. Doe*, 146 F.3d 118, 123 (2nd Cir. 1998); *Barden v. Keohane*, 921 F.2d 476, 478 (3rd Cir. 1990); Bureau of Prisons Program Statement No. 5160.03.[2]

Petitioner argues that the BOP abused its discretion in denying his request to have the state correctional facility designated for service of the first portion of his federal sentence. In support of his argument, he claims that the federal sentencing judge believed that petitioner's federal sentence would begin immediately.

Federal law provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. §3584(a); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003). Despite the petitioner's contention to the contrary, there is no evidence before the court which indicates that the federal sentencing judge intended for the federal sentence to run concurrently with the state court sentence. The federal judgments and commitment orders are silent on this issue, and the sentencing judge did not respond to the BOP's letter indicating that petitioner's federal sentence would be served consecutively to the state sentence unless the judge intended otherwise. *See* Government Exhibit A, pp.15-16. The court finds that the BOP fulfilled its obligation to consider petitioner's request for a *nunc pro tunc* designation, and that in light of the facts of this case, it was well within the discretion of the BOP to deny petitioner's request for a *nunc pro tunc* designation and to compute petitioner's federal sentence as being consecutive to his state sentence. *Rodriguez v. Pitzer*, 76 Fed.Appx. 519, 2003 WL 21805912 (5th Cir. 2003).

ACCORDINGLY,

---

[2]The BOP's policy is to grant a *nunc pro tunc* designation for the concurrent service of a sentence only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system. *See* Government Exhibit A, p.16.

IT IS RECOMMENDED that this petition for writ of *habeas corpus* be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 22nd day of May, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE